UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

TRACI HANER,

                              Plaintiff,

      v.

COUNTY OF NIAGARA, NEW YORK, et al.,

                              Defendants.

_____

**19-CV-754-LJV-HBS**

**Order**

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b). Dkt. No. 7. Plaintiff Traci Haner, a correctional officer at the Niagara County Jail, brings this employment discrimination against her current employers, Niagara County and the Niagara County Sheriff. *See* Dkt. No. 25. Currently before the Court is Plaintiff's motion to amend her complaint to add claims for sex discrimination and retaliation that she alleges recently occurred. Dkt. No. 37. Defendants oppose the motion. Dkt. No. 39. For the reasons that follow, Plaintiff's motion is GRANTED.

## BACKGROUND

In the operative complaint, Plaintiff raises claims for, among other things, sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. As is relevant here, Plaintiff alleges that Defendant twice refused to promote her to Lieutenant, in 2015 and 2018, because of her sex. In 2015, Plaintiff took the civil service examination for several open Lieutenant positions. She was one of three female employees who were eligible for that promotion. Plaintiff claims that lower-scoring male co-workers were promoted over higher-scoring female employees, including Plaintiff, and no woman was promoted to the position of Lieutenant in 2015

or 2016. Plaintiff filed a charge with the EEOC as a result of the lost promotion, and later received a right-to-sue letter. *See* Dkt. No. 9-1 at 2.

In June 2018, there were two openings for promotions to Lieutenant. Plaintiff scored "number four" on the promotional list, and a second woman scored "number six." Dkt. No. 25 at 5. Neither Plaintiff nor her female co-worker received the promotion; Defendants initially offered the promotions to two men who were numbers one and two on the promotional list. Those offers were rejected, so Defendants offered a different male employee the promotion to Lieutenant. This employee had been placed at "number five" in the June 2018 promotional list. Plaintiff submitted another EEOC charge based on this incident, and was given a right-to-sue letter. Dkt. No. 9-2.

In her proposed supplemental complaint, Plaintiff proposes to add the following allegations. In March 2020, Plaintiff took a civil service examination for a promotion to Correction Lieutenant. Plaintiff received a 95 on the exam—the highest score on the "eligible list." The next highest score was a 90. Although Plaintiff was interviewed for the position, she was not offered it. On September 22, 2020, Defendants announced that the promotion had been awarded to the male officer who had received a 90 on the examination. Plaintiff alleges she is better qualified for the role: Although she and the promoted officer "were assigned 3.0 seniority points by the … Civil Service Commission, [her] date of hire was nearly a year earlier than [the promoted officer's]." Dkt. No. 37-1 at 2. Furthermore, Plaintiff has an Associate's degree in Criminal Justice, while the promoted officer has no college-level degree.

Plaintiff proposes to bring four new claims based on these allegations: (1) sex discrimination under Title VII; (2) sex discrimination under the New York State Human Rights Law ("NYSHRL");

(3) retaliation under Title VII; and (4) retaliation under the NYSHRL. Plaintiff's theory on retaliation is that Defendants did not promote her in order to retaliate against her "for having previously complained of discrimination." *Id.* at 3, 4.

## DISCUSSION

Defendants oppose the motion primarily on the ground that Plaintiff did not file a charge with the EEOC, and thereby failed to exhaust her administrative remedies with respect to the Title VII claims. In Defendants' view, because the Title VII claims must be dismissed for failure to exhaust, the Court should decline to exercise supplemental jurisdiction over the NYSHRL claims. Furthermore, Defendants argue that, regardless of exhaustion, the allegations are insufficient to support the new retaliation claims.

A motion to amend the complaint is a non-dispositive matter that the Court resolves pursuant to 28 U.S.C. § 636(b)(1)(A). *See Mitchell v. Cuomo*, No. 17-CV-892, 2019 WL 1397195, at *1 n.1 (N.D.N.Y. Mar. 28, 2019). Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a party's pleading "shall be freely given when justice so requires."[1] Leave to amend should be given "absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility." *Monahan v. New York City Dep't of Corrs.*, 214 F.3d 275, 283 (2d Cir. 2000). Regarding futility, an "amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Ferrara v.*

---

[1] Plaintiff's motion is untimely under the Court's scheduling order. *See* Dkt. No. 17. Nevertheless, the Court may modify a scheduling order for good cause, Fed. R. Civ. P. 16(b)(4), and where, as here, the new misconduct occurs after the amendment deadline, good cause is satisfied. *See Volunteer Fire Ass'n of Tappan, Inc. v. Cty. of Rockland*, No. 09-CV-4622, 2010 WL 4968247, at *4 (S.D.N.Y. Nov. 24, 2010). Defendants do not argue to the contrary. The Court therefore centers its analysis on Rule 15.

*Smithtown Trucking Co.*, 29 F. Supp. 3d 274, 279 (E.D.N.Y. 2014). Courts assess Rule 12(b)(6) motions by "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 61 (2d Cir. 2010) (internal quotation marks and citation omitted). "Simply stated, the question under Rule 12(b)(6) is whether the facts supporting the claims, if established, create legally cognizable theories of recovery." *Cole-Hoover v. Shinseki*, No. 10-CV-669, 2011 WL 1793256, at *3 (W.D.N.Y. May 9, 2011) (internal quotation marks and citation omitted).

## I. Exhaustion

The Court first addresses Defendants' argument concerning exhaustion. Plaintiff does not dispute that she failed to file an EEOC charge related to these allegations. *See* Dkt. No. 37-2 at 3.

"Exhaustion is ordinarily an essential element of a Title VII claim." *Williams v. N.Y.C. Housing Auth.*, 458 F.3d 67, 70 (2d Cir. 2006) (internal quotation marks omitted). However, the Second Circuit has "long recognized that in certain circumstances it may be unfair, inefficient, or contrary to the purposes of the statute to require a party to separately re-exhaust new violations that are 'reasonably related'" to an initial, fully exhausted claim. *Duplan v. City of New York*, 888 F.3d 612, 622 (2d Cir. 2018). As is relevant here, a new violation is "reasonably related" to a previously exhausted claim if the new incident of discrimination is "carried out in precisely the same manner alleged in the EEOC charge." *Terry v. Ashcroft*, 336 F.3d 128, 151 (2d Cir. 2003). In that scenario, exhaustion is unnecessary because "the EEOC would have had the opportunity to investigate, if not the particular discriminatory incident, the method of discrimination manifested in prior charged incidents." *Butts*

*v. N.Y.C. Dep't of Housing Preservation & Dev.*, 990 F.2d 1397, 1403 (2d Cir. 1993), *superseded by statute on other grounds*, Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1072.

The phrase "precisely the same manner" is susceptible to both narrow and broad interpretations. The Second Circuit has elsewhere stated that the question is whether "defendants' alleged subsequent acts are *essentially the same* as the earlier allegedly wrongful conduct contained in the EEOC complaint." *Almendral v. N.Y.S. Office of Mental Health*, 743 F.2d 963, 967 (2d Cir. 1984) (emphasis added). Courts have found that new misconduct meets this standard where it evinces the same overall discriminatory purpose or end as the previous misconduct contained in the EEOC charge. *See, e.g.*, *id.* (exhaustion excused where both the unexhausted claim and the exhausted claim involved the "alleged manipulation of the civil service rules for discriminatory reasons in order to appoint someone other than [plaintiff]"); *DeBerry v. Brookdale Univ. Hosp. & Med. Ctr.*, 11 F. Supp. 3d 387, 395 (E.D.N.Y. 2014) (standard met where both unexhausted and exhausted claims involved the manipulation of plaintiff's workload in order to "set her up for failure" and "blame [her] for poor performance"); *Hinton v. City Coll. of New York*, No. 05-CV-8951, 2008 WL 591802, at *14 (S.D.N.Y. Feb. 29, 2008) ("That an employer uses different pretexts to deny a woman promotion year after year as part of a regular policy of discrimination does not require the victim to file repeated EEOC charges and repeated separate lawsuits.").

Here, exhaustion is not required because Plaintiff's new sex-discrimination claim is essentially the same as her previously exhausted claims. As to all three denied promotions, Plaintiff alleges that Defendants disregarded objective promotional criteria in favor of a discriminatory preference towards male employees and against female employees. While each denied promotion involved some

unique facts, Plaintiff alleges that Defendants maintained the same overall discriminatory purpose in each instance. *See Hinton*, 2008 WL 591802, at *14 (noting that an employer may not "prevent a plaintiff from raising [] functionally identical issues . . . simply by slightly varying the exact means of discrimination").

Defendants respond that Plaintiff's denied promotion in 2020 is not reasonably related to her previously exhausted claims of denied promotions, since the most recent denied promotion involved different decisionmakers and different considerations. *See* Dkt. No. 39 at 13. In particular, after the other denied promotions, Plaintiff had been disciplined and was suspended for ten days without pay. Dkt. No. 40 at 2. As a result, Plaintiff was removed from consideration for the most recent promotion.

Based on these facts, Defendants raise a colorable argument that Plaintiff's new, unexhausted claim is not reasonably related to those she exhausted. *See, e.g., Samimy v. Cornell Univ.*, 961 F. Supp. 489, 493 (W.D.N.Y. 1997) (unexhausted and exhausted claims not reasonably related where "[t]he incidents were different, they occurred at different times, [and] they involved different decisionmakers"). The problem with Defendants' argument is that it is premised not on the facts in the complaint, but on facts that they submit with their opposition. *See* Dkt. No. 40 (declaration of Daniel N. Greenwald). In the present procedural posture, the Court is "limited to the allegations in the complaint" and may not consider Defendants' proffered evidence. *Russo v. Navient Solutions, LLC*, No. 16-CV-316, 2017 WL 4220455, at *2 n.5 (D. Vt. Sept. 21, 2017); *see also Jamiel v. Maison Kayser@USA.com*, No. 19-CV-1389, 2019 WL 9362541, at *3 (S.D.N.Y. Dec. 19, 2019) (noting that "exhaustion is an affirmative defense and as such can only be a proper basis for a motion to dismiss

6

. . . if failure to exhaust appears on the face of the complaint"). The Court concludes that Plaintiff has sufficiently alleged that her exhausted claims of sex discrimination are reasonably related to her new claim, such that exhaustion is not required. Defendants are free to raise this issue on summary judgment, once the record has been developed.

As for Plaintiff's new Title VII retaliation claim, she alleges that she was denied the promotion due to her previous EEOC complaints of sex discrimination. *See* Dkt. No. 37-1 at 3. A plaintiff is not required to exhaust where "where the complaint is one alleging retaliation by an employer against an employee for filing an EEOC charge." *Terry*, 336 F.3d at 151 (internal quotation marks omitted). As discussed below, Plaintiff states a plausible claim that she suffered retaliation in the form of the denied 2020 promotion due to her prior EEOC complaints. Therefore, she need not exhaust the new Title VII retaliation claim.

Because the Court concludes that Plaintiff's proposed Title VII claims pass muster for exhaustion purposes, it need not address Defendants' argument concerning supplemental jurisdiction.

**II.  Retaliation**

In her proposed complaint, Plaintiff alleges that Defendants denied her the promotion in September 2020 because she "previously complained of discrimination." Dkt. No. 37-1 at 3-4. Plaintiff's most recent complaint of discrimination was to the EEOC in February 2019. *See* Dkt. No. 9-2 at 3. The EEOC issued a right-to-sue letter based on that charge in August 2019. Dkt. No. 25 at 2.

Defendants argue that Plaintiff has failed to state a claim for retaliation under Title VII or the NYSHRL. They note that Plaintiff last complained of sex discrimination to the EEOC more than a year and a half before she was denied her promotion. Defendants assert that no inference of a retaliation can be drawn given the temporal gap between the complaint and the alleged retaliatory action. The Court disagrees.

"Title VII prohibits retaliation against an employee who 'has opposed any practice [that is] made an unlawful employment practice' under Title VII." *Watkins v. First Student, Inc.*, No. 17-CV-1519, 2018 WL 1135480, at *15 (S.D.N.Y. Feb. 28, 2018) (quoting 42 U.S.C. § 2000e-3(a)). "To state a claim for retaliation under Title VII, a plaintiff must plausibly allege that (1) she engaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered a materially adverse action; and (4) there was a causal connection between the protected activity and that adverse action." *Id.* (internal quotation marks omitted). A NYSHRL retaliation claim is assessed under the same standard. *See Henry v. NYC Health & Hosp. Corp.*, 18 F. Supp. 3d 396, 411 (S.D.N.Y. 2014).

In this case, Defendants challenge the sufficiency of Plaintiff's allegations with respect to the causal connection between her protected activity (filing EEOC charges of discrimination) and the adverse action (denial of promotion in 2020). "In a retaliation case, causation can be proven either: (1) indirectly, by showing that the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence . . . ; or (2) directly, through evidence of retaliatory animus directed against the plaintiff by the defendant." *Id.* at 411-12 (internal quotation marks and brackets omitted). As Defendants observe, if a plaintiff seeks to establish a causal connection solely based on the temporal proximity between her protected activity and the employer's retaliatory action, the

8

temporal proximity must ordinarily be "very close." *Riddle v. Citigroup*, 640 F. App'x 77, 79 (2d Cir. 2016) (summary order). Nevertheless, there is no bright line setting "the outer limits beyond which a temporal relationship is too attenuated to establish causation," and the inquiry "is dependent on the relevant circumstances of the case." *Conforti v. Sunbelt Rentals, Inc.*, 201 F. Supp. 3d 278, 302 (E.D.N.Y. 2016).

Here, Plaintiff has sufficiently alleged the causation element. In reaching this conclusion, the Court finds three factors significant.

First, the long temporal gap is less salient in light of the fact that that this promotion appears to have been the first opportunity that Defendants had to retaliate against Plaintiff after her most recent complaint. *See Pediford-Aziz v. City of New York*, 170 F. Supp. 3d 480, 486 (E.D.N.Y. 2016); *Cronin v. St. Lawrence*, No. 08-CV-6346, 2009 WL 2391861, at *5 (S.D.N.Y. Aug. 5, 2009) (collecting cases for the proposition that a significant time lag may be acceptable if the employer "had no earlier opportunity to retaliate against Plaintiff for engaging in protected activity").

Second, Plaintiff is alleging not one discrete act of retaliation, but a persistent retaliatory and discriminatory animus that repeatedly manifested itself in the context of promotional opportunities. That ongoing campaign bolsters the inference of a causal connection. *See Women's Interart Ctr., Inc. v. N.Y.C. Economic Dev. Corp.*, No. 03-CV-2732, 2005 WL 1241919, at *28 (S.D.N.Y. May 23, 2005) (noting, in First Amendment retaliation context, that "retaliatory intent may be inferred from an ongoing course of adverse action by the defendant against the plaintiff").

Third, Plaintiff has alleged that, in deciding who to promote, Defendants repeatedly diverted from the objective criteria they purported to apply. In the case of the 2020 promotional opportunity,

Plaintiff scored higher and was more qualified, yet she was passed over for a lower-scoring and less-qualified male colleague. *See* Dkt. No. 37-1 at 1-2. This undercuts Defendants' ostensibly neutral basis for their decision, and gives rise to an inference of retaliatory intent. *See Pediford-Aziz*, 170 F. Supp. 3d at 486 (causation may be shown through "proof of weaknesses, implausibilities, inconsistencies, or contradictions in the employer's proffered legitimate, nonretaliatory reasons for its action" (internal quotation marks omitted)).

Taken together, Plaintiff's allegations are sufficient to support the causation element of a retaliation claim under Title VII and the NYSHRL. Accordingly, her proposed amendment would not be futile on that basis. Because Defendants offer no other grounds to deny the motion, the Court will permit the amendments.

## CONCLUSION

For the reasons stated above, Plaintiff's motion to amend (Dkt. No. 37) is GRANTED. Plaintiff has until **January 29, 2021** to file the supplemental complaint, and Defendants have until **February 12, 2021** to file their answer.

SO ORDERED.

*/s/Hugh B. Scott*
Hon. Hugh B. Scott
United States Magistrate Judge

DATED: January 22, 2021