# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

_____

TRACI HANER,

               Plaintiff,                        DECISION AND ORDER
                                                        19-CV-754-LJV-MJP

     v.

COUNTY OF NIAGARA, NEW YORK., et al.,

                      Defendants.

_____

**Pedersen, M.J.**  Before the Court is a motion to strike filed by defendants County of Niagara, New York, and Sheriff of the County of Niagara ("Defendants"). (Mot. to Strike, Feb. 9, 2021, ECF No. 45.)  After reviewing the motion, the opposition filed by plaintiff Traci Haner ("Plaintiff") (Richmond Aff., Feb. 24, 2021, ECF No. 47), and Defendants' reply (Hickey Decl., Mar. 3, 2021, ECF No. 49), the Court hereby grants Defendants' motion.

Plaintiff is a correctional officer, and she brings this employment discrimination action against Defendants, her current employers.  Until October 2020, Plaintiff's Second Amended Complaint was the operative pleading.  (ECF No. 25.)  At that time, Plaintiff moved for leave to file a supplemental complaint.  (ECF No. 37.)  Alleging that Defendants had recently failed to promote her, Plaintiff sought to add new claims for sex discrimination under Title VII and the New York State Human Rights Law ("NYSHRL"), and for retaliation under Title VII and NYSHRL.  (ECF No. 37-1 at 2-5.)  Plaintiff appended to her motion a "Proposed Supplemental

Complaint," which encapsulated the amendments she sought to add. (ECF No. 37-1.) Defendants opposed the motion on futility grounds (ECF No. 39), but Magistrate Judge Hugh B. Scott granted the motion and ordered Plaintiff to file the supplemental complaint by January 29, 2021 (ECF No. 43).  Plaintiff timely filed a new complaint, which she labelled the "Third Amended Complaint."  (ECF No. 44.)

In response, Defendants filed a motion to strike the new complaint.  They argue that the "Third Amended Complaint" materially differs from the amendments set forth in the "Proposed Supplemental Complaint" that Judge Scott reviewed and approved.   Among other things, the Third Amended Complaint edits some allegations, expands upon others, and adds several new claims—disability discrimination under the Americans with Disabilities Act ("ADA") and NYSHRL, hostile work environment in violation of NYSHRL, and retaliation under the ADA. Defendants request that the Court strike the Third Amended Complaint from the record, pursuant to Federal Rule of Civil Procedure 12(f).

Plaintiff acknowledges that she added factual allegations and legal claims beyond those identified in her motion, and she agrees to withdraw the new claims. (Richmond Aff. at 4-6.)   Nevertheless, for two reasons, she asserts that it was permissible to make the additional amendments without leave of court.   First, Plaintiff states that she interpreted Judge Scott's Order to permit her to update and add to her allegations, rather than requiring her to "simply fil[e] the Proposed Supplemental Complaint that had been attached as an exhibit to Plaintiff's motion." (*Id.* at 3.)   Second, Plaintiff asserts that discovery revealed that some of the

allegations contained in her earlier complaints were inaccurate, such that Federal Rule of Civil Procedure 11(b)(3) required her to correct them.

The Court agrees with Defendants that Plaintiff's actions were improper.  By filing the Third Amended Complaint without leave of the court, Plaintiff violated Federal Rule of Civil Procedure 15.  Rule 15, which governs the amendment of pleadings, vests the Court with a gatekeeping function.  Except where the movant amends the pleading as a matter of course or where the opposing party consents, Rule 15(a)(2) permits amendments only with "the court's leave."  Fed. R. Civ. P. 15(a)(2); *see also Andino v. Fischer*, 698 F. Supp. 2d 362, 372-73 (S.D.N.Y. 2010) (discussing factors a court must consider before granting leave to amend).  Similarly, Rule 15(d) gives the court the discretion to decide whether to "permit a party to serve a supplemental pleading."  Fed. R. Civ. P. 15(d).  In order to allow the court to adequately evaluate the proposed amendments, the Local Rules require the movant seeking to "amend or supplement a pleading [to] attach an unsigned copy of the proposed amended pleading as an exhibit to the motion."  Loc. R. Civ. P. 15(a).

These rules all presuppose that the amended pleading the movant ultimately files will reflect only the proposed amendments that the movant proffered and the court approved; otherwise, the court's review would serve no purpose.  *Bogdan v. Housing Auth. of the City of Winston-Salem*, No. 05-CV-568, 2006 WL 3848693, at *3 (M.D.N.C. Dec. 29, 2006) ("Allowing parties to file amended documents that are not identical in all material aspects [to the proposed amendments] goes against the spirit and purpose of Rule 15 and undermine a court's discretion.").  For this reason, if "the

court gives permission to make only specific amendments to a pleading, changes outside of the scope of that permission violate Rule 15(a), and are therefore invalid." *Shanghai Weiyi Int'l Trade Co., Ltd. v. Focus 2000 Corp.*, No. 15-CV-3533, 2016 WL 5817009, at *3 (S.D.N.Y. Oct. 4, 2016) (internal quotation marks omitted).

Plaintiff does not argue that her actions conformed to Rule 15, but she asserts that Judge Scott's order and Rule 11(b)(3) justified her decision to change and add to her proposed amendments. These arguments are not persuasive.

Nothing in Judge Scott's prior order can be reasonably read as permitting Plaintiff to depart from the strictures of Rule 15. The only language that Plaintiff cites to support her interpretation is that Judge Scott used the word "amend" throughout his order. (Richmond Aff. at 2.) Plaintiff apparently inferred from Judge Scott's use of that word that he had granted her leave to edit her new complaint as she saw fit. (*Id.* at 3.) That word cannot bear the weight Plaintiff places on it, especially when viewed in the surrounding procedural context: Plaintiff moved to supplement her complaint with the new allegations she set forth in the Proposed Supplemental Complaint; Judge Scott reviewed those allegations and concluded they were not futile; and he granted Plaintiff's motion and ordered her to "file the supplemental complaint." (Order granting Mot. to Amend at 10, ECF No. 43.) Plaintiff did not request, and Judge Scott did not grant Plaintiff, "a general license" to change her proposed amendments at her discretion. *Dover Steel. Co., Inc. v. Hartford Acc. & Indemn. Co.*, 151 F.R.D. 570, 574 (E.D. Pa. 1993). (noting that, when the court granted the motion for leave to amend, the movant did not thereafter "have

leave to file any old amended complaint that it wished to file—it had permission to file its Proposed Complaint").

Plaintiff's counsel also suggests that her actions were necessary to ensure conformance with Rule 11(b)(3), which states that when an attorney files a pleading with the court, she is deemed to have certified that "the factual contentions [contained therein] have evidentiary support." Fed. R. Civ. P. 11(b)(3). Once counsel reviewed discovery, she realized that the Second Amended Complaint contained "certain inaccuracies." (Richmond Aff. at 3.) At that point, she could not file the new complaint without making changes to her prior allegations, as "do[ing] so would perpetuate errors of fact." (*Id.* at 5.)

Counsel's reliance on Rule 11(b)(3) is unavailing. That rule may bar attorneys from filing false papers, but it does not purport to give parties the affirmative power to amend their pleadings without leave of court. Even if the rule could be read in that manner, it would only justify correcting inaccuracies, but counsel concedes she went much further, expanding upon some allegations and adding new claims.[1]

Accordingly, the Court concludes that Plaintiff violated Rule 15 by including in her Third Amended Complaint a variety of amendments that she had not identified in her motion.

---

[1] It is also worth mentioning that Rule 11(b) does not require a litigant to amend her pleadings if she finds that certain allegations are found to be untrue after discovery. The litigant need only avoid subsequently advocating for such untrue positions. *See* Fed. R. Civ. P. 11 Advisory Committee Notes ("Subdivision (b) does not require a formal amendment to pleadings for which evidentiary support is not obtained, but rather calls upon a litigant not thereafter to advocate such claims or defenses.").

The Court now turns to the question of relief. Relying on Rule 12(f), Defendants request that the Third Amended Complaint be stricken in its entirety, while Plaintiff requests that she be given permission to refile a complaint that includes many of her new amendments but omits the claims that she added without approval.

Courts have a range of options to correct a violation of Rule 15. Consistent with Defendants' request, courts have routinely stricken the entire pleading where it contains unapproved amendments or was filed without leave of court. *See, e.g.,* *Brown v. West Valley Envtl. Servs., LLC*, No. 10-CV-210, 2010 WL 3369604, at *7, 10 (W.D.N.Y. Aug. 24, 2010) (striking unapproved pleadings from the record); *see also* *U.S. ex rel. Atkinson v. PA. Shipbuilding Co.*, 473 F.3d 506, 524 (3d Cir. 2007) ("The rejection of an unapproved amended complaint is not an abuse of discretion."). Where the unapproved amendment is a discrete allegation or claim, however, some courts have stricken such amendments but otherwise allowed the amended pleading. *See, e.g., In re Falchi*, No. 97-B-43080, 1998 WL 863082, at *3 (Bankr. S.D.N.Y. Dec. 7, 1998) (collecting cases). Another option is to permit the amendments but impose other sanctions, including monetary sanctions. *See Dover*, 151 F.R.D. at 574 –76. In short, the Court's task is to rectify any prejudice caused to the opposing party without unduly emphasizing procedural compliance over substance. *See Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 550 (2010) (noting the "preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits").

In this case, the Court concludes that the proper course is to strike the Third Amended Complaint in its entirety.  Because Plaintiff has made so many unapproved changes throughout her new complaint, (*see* ECF No. 52), it would not be feasible to strike particular allegations or claims.  Furthermore, Defendants have not requested monetary sanctions, so the Court is not in a position to evaluate the propriety of such a request.  Striking the entire pleading cures any prejudice resulting from Plaintiff's actions.  As a result, the Second Amended Complaint will remain the operative pleading for now.

Moving forward, the Court gives Plaintiff two options.  She is granted leave, consistent with Judge Scott's prior order, to file a new Third Amended Complaint that reflects *only* the approved amendments set forth in the Proposed Supplemental Complaint.  In the alternative, should Plaintiff still wish to amend her complaint to add the unapproved changes, she may instead file a motion to amend.  Pursuant to the Local Rules, Plaintiff must submit "the proposed amended pleading as an exhibit to the motion," Loc. R. Civ. P. 15(a), and the proposed pleading must reflect *all* of the amendments Plaintiff seeks.

Therefore, Defendants' motion to strike (ECF No. 45) is GRANTED, and the Court orders as follows:

(1) The Third Amended Complaint is (ECF No. 44) is deemed stricken, and the Second Amended Complaint (ECF No. 25) is now the operative pleading;

(2) By **March 18, 2021**, Plaintiff may either:

    a.   file a new Third Amended Complaint limited to the amendments approved by Judge Scott in his January 22, 2021 Order (ECF No. 43);

OR

b. file a new motion to amend, which motion shall conform to Local Rule 15.  A scheduling order will be issued thereafter.

**SO ORDERED**.

DATED:       March 15, 2021
            Rochester, New York

<u>/s/ Mark W. Pedersen</u>
MARK W. PEDERSEN
United States Magistrate Judge